B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>WW Liquidation, Inc., WWPDS Liquidation, Inc., WWSDP, LLC, PDS Liquidation, Inc., WW Georgetown Liquidation, Inc., WW Holding Liquidation, Inc., through Richard P. Finkel, Liquidating Custodian | **DEFENDANTS**<br>DXR Corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Murtha Cullina LLP<br>CityPlace I, 185 Asylum Street<br>Hartford, CT 06103<br>860-240-6000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to avoid preferential transfers pursuant to 11 U.S.C. 547 and 550

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $221,347.56 |
| Other Relief Sought | |

American LegalNet, Inc.
www.FormsWorkflow.com

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||||
|---|---|---|---|---|
| NAME OF DEBTOR<br>WW Liquidation, Inc., WWPDS Liquidation, Inc., WWSDP, LLC, PDS Liquidation, Inc., WW Georgetown Liquidation, Inc., WW Holding Liquidation, Inc. |||| BANKRUPTCY CASE NO.<br>09-50875 |
| DISTRICT IN WHICH CASE IS PENDING<br>Bridgeport ||| DIVISION OFFICE | NAME OF JUDGE<br>Alan H.W. Shiff |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||||
| PLAINTIFF || DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING ||| DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Daniel P. Elliott/* |||||
| DATE<br>April 22, 2011 |||| PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Daniel P. Elliott |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT DIVISION)

| | |
|---|---|
| In re:<br><br>WW LIQUIDATION, INC<br>WWPDS LIQUIDATION, INC.<br>WWSDP, LLC<br>PDS LIQUIDATION, INC.<br>WW GEORGETOWN LIQUIDATION, INC.<br>WW HOLDING LIQUIDATION, INC.,<br><br>Debtors. | Chapter 11<br><br>CASE NO. 09-50870<br>Through 09-50875 (AHWS)<br>LEAD CASE NO. 09-50875<br>(Substantively Consolidated) |
| WW LIQUIDATION, INC<br>WWPDS LIQUIDATION, INC.<br>WWSDP, LLC<br>PDS LIQUIDATION, INC.<br>WW GEORGETOWN LIQUIDATION, INC.<br>WW HOLDING LIQUIDATION, INC.,<br>THROUGH RICHARD P. FINKEL,<br>LIQUIDATING CUSTODIAN,<br><br>Plaintiffs,<br><br>v.<br><br>DXR CORPORATION<br><br>Defendant. | ADVERSARY PROCEEDING<br>NO.<br><br><br><br><br><br><br><br><br><br><br><br>APRIL 22, 2011 |

## COMPLAINT TO AVOID PREFERENTIAL TRANSFERS

WW Liquidation, Inc., WWPDS Liquidation, Inc., WWSDP, LLC, PDS Liquidation, Inc., WW Georgetown Liquidation, Inc., and WW Holding Liquidation, Inc., (the "Debtors"), by and through Richard P. Finkel, the Liquidating Custodian (collectively, the "Plaintiffs"), and in support of this Complaint to Avoid Preferential Transfers (the "Complaint") against DXR Corporation (the "Defendant"), pursuant to 11 U.S.C. §§ 547

2141741v1

and 550, 11 U.S.C. §§ 101-1330 and Rule 7001 of the Federal Rules of Bankruptcy Procedure, hereby allege as follows:

## PARTIES

1. The Plaintiffs are the Debtors in the above-referenced case and pursuant to a confirmed plan, Richard P. Finkel is the Liquidating Custodian with full authority to act on behalf of the reorganized Debtors.

2. Upon information and belief, the Defendant, DXR Corporation, is a Connecticut corporation with a place of business located at 41 Pandanaram Road, Danbury, Connecticut 06811.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §§ 1409.

## GENERAL ALLEGATIONS

6. On May 3, 2009, the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Connecticut.

7. On May 13, 2009, the United States Trustee for the District of Connecticut, pursuant to Section 1102 of the Bankruptcy Code, appointed the Official Committee of Unsecured Creditors (the "Committee").

8. On January 19, 2010, this Court ordered the substantive consolidation of the Debtors' estates.

9. On March 9, 2010, the Debtors and the Committee filed a Joint Chapter 11 Plan ("Plan"), as subsequently amended, calling for the liquidation of the remaining assets of the Debtors and a distribution to creditors in the order of their priority. The Court confirmed the Plan on July 13, 2010 and the Plaintiff serves as Liquidating Custodian under the Plan.

10. Pursuant to the Plan, the Plaintiff is authorized and empowered to investigate, prosecute, and resolve any cause of action, including those pursuant to §§ 547 and 550 of the Bankruptcy Code.

## COUNT ONE

11. Plaintiff repeats and realleges paragraphs 1-10 as if fully set forth herein.

12. During the ninety (90) day period prior to the Petition Date (the "Preference Period"), the Debtors made transfers to the Defendant in an amount not less than $221,347.56 (the "Transfers"). A list identifying each known Transfer is attached hereto and made a part hereof as Exhibit A.

13. The Transfers were to or for the benefit of the Defendant, a creditor of the Debtors, and within the meaning of 11 U.S.C. § 547(b)(1).

14. The Transfers were on account of antecedent debts owed by the Debtors to the Defendant before such transfers were made.

15. The Transfers were made to the Defendant while the Debtors were insolvent. The Plaintiff is entitled to the presumption of insolvency for the Transfers made during the Preference Period pursuant to 11 U.S.C. § 547(f).

3

2141741v1

16. The Transfers enabled the Defendant to recover more than it would have received if (a) the Transfers had not been made; (b) the case were a case under Chapter 7 of the Bankruptcy Code; and (c) the Defendant received payment of its debt to the extent provided by the provisions of Title 11 of the United States Code.

17. On or about October 15, 2010, Receivable Management Services, on behalf of the Plaintiff, sent a demand letter to the Defendant requesting return of the Transfers.

18. Despite demand, the Defendant has failed, neglected or refused to return the Transfers.

19. By reason of the foregoing, the Transfers constitute preferential transfers of property within the meaning of 11 U.S.C. § 547(b).

## COUNT TWO

20. Plaintiff repeats and realleges paragraphs 1-19 as if fully set forth herein.

21. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

22. The Defendant was the initial transferee of the Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Transfers were made.

23. Pursuant to 11 U.S.C. § 550(a), the Plaintiff is entitled to recover from the Defendant the full amount of the Transfers, plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, the Plaintiff respectfully requests that the Court enter a judgment against the Defendant pursuant to §§ 547 and 550 of the Bankruptcy Code:

(1) avoiding the Transfers as preferential payments under 11 U.S.C. § 547 of the Bankruptcy Code;

(2) that the Transfers, to the extent they are avoided pursuant to 11 U.S.C. § 547, be recovered by the Plaintiff pursuant to 11 U.S.C. § 550 of the Bankruptcy Code;

(3) awarding pre-judgment interest at the maximum legal rate running from the date of each Transfer to the date of judgment herein;

(4) awarding post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full, plus costs;

(5) requiring the Defendant to pay forthwith the judgment amount awarded in favor of the Plaintiff;

(6) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated at Hartford, Connecticut this 22nd day of April, 2011.

        RICHARD P. FINKEL,
        LIQUIDATING CUSTODIAN FOR
        WW LIQUIDATION, INC.,
        WWPDS LIQUIDATION, INC.,
        WWSDP, LLC,
        PDS LIQUIDATION, INC.,
        WW GEORGETOWN LIQUIDATION, INC.,
        WW HOLDING LIQUIDATION, INC.,
        WWSDP LIQUIDATION, LLC

By    /s/ Daniel P. Elliott
       Daniel P. Elliott - ct28058
       delliott@murthalaw.com
       Meredith C. Burns –ct27544
       mcburns@murthalaw.com
       Robert A. White – ct08277
       rwhite@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103
Telephone:  (860) 240-6000
Facsimile:   (860) 240-6150
His Attorneys

6

2141741v1